## CARRIE ALEXANDER v. STATE.

No. A-4067. Opinion Filed Sept. 29, 1923.

(218 Pac. 543.)

(Syllabus.)

1. **Indictment and Information—Negativing Statutory Exceptions Unnecessary—Sale of Narcotic Drugs.** In a prosecution for

sale of narcotic drugs, it is unnecessary for the indictment or information to negative the exceptions conditioned in the statute, or prove that accused was not within such exceptions.

2.     **Evidence—Evidence of Other Offenses—Information Charging Single Unlawful Sale of Narcotics.** Where the information charged a single sale to a named person on a certain date, proof of other alleged sales to another person at different times and on different occasions was improperly admitted over objection of accused; no question of knowledge, design, intent, or mistake, or other such element entering into the issues formed by the evidence, to make such evidence admissible.

3.     **Appeal and Error—Reversal for Prejudicial Error—Admission of Incompetent Evidence.** Where incompetent evidence is admitted over repeated objections of accused, and it is apparent from the record that the admission of such evidence deprived accused of a fair trial, the conviction will be reversed, and cause remanded.

Appeal from District Court, Garfield County; James B. Cullison, Judge.

Carrie Alexander was convicted of the unlawful sale of a narcotic drug, and she appeals. Reversed and remanded.

Warren K. Snyder and L. C. McLean, for plaintiff in error.

George F. Short, Atty. Gen., and N. W. Gore, Asst. Atty. Gen., for the State.

MATSON, P. J. Carrie Alexander was convicted in the district court of Garfield county of the crime of selling a narcotic drug, and sentenced to serve a term of one year in the state penitentiary. Judgment was rendered on the 4th day of March, 1921, and petition in error and case-made filed in this court on the 3d day of September, 1921.

The information charged the plaintiff in error with the sale, on or about the 4th day of January, 1921, of a quantity of narcotic drugs, to wit, morphine and cocaine, to one Ethel Stephens. The prosecution is based on section 8887, Compil-

ed Statutes 1921, which makes it unlawful for any person, firm or corporation, or any employe of any person, firm, or corporation, to sell, give away, dispense, manufacture, produce deal in, administer, or distribute, or to receive, conceal, buy, or in any manner facilitate the transportation, concealment, sale of, or distribution of any narcotic drugs, with certain exceptions named therein.

It is contended that, inasmuch as the information pleaded that the accused did not come within any of the exceptions named in the act, it was necessary for the state to prove upon the trial such allegation, and that the failure on the part of the state to make such proof constituted reversible error in this case. As to this assignment of error section 8887, Compiled Statutes, in part provides:

"Provided, further, that it shall not be necessary to negative any of the aforesaid exceptions in any complaint, information, or indictment, or any writ of proceeding laid or brought under this act; and the burden of proof of any such exemption or exception shall be upon the defendant."

It was within the power of the Legislature to make such provision. Such allegations were surplusage, and proof unnecessary. Ex parte Bryson, 20 Okla. Cr. 152, 205 Pac. 190.

During the progress of the trial, and as part of the case in chief, the state was permitted to prove by the witness Frank Coon that, during a period of 90 days immediately preceding the date on which it is alleged plaintiff in error sold narcotic drugs to Ethel Stephens, plaintiff in error had made divers sales of narcotic drugs to the witness Coon, all of which evidence was admitted over repeated objections by counsel for plaintiff in error and exceptions duly taken, and motion to strike said evidence from the consideration of the jury was overruled and excepted to.

The sales testified to by Coon had no relation to the alleged sale to Ethel Stephens, and constituted evidence of other alleged violations of the same law by plaintiff in error by sales to another person at different times and on different occasions than at the time and on the occasion as charged in the information. This evidence does not come within the exceptions to the rule which prohibits the admission in evidence of proof of the commission of other crimes to prove the crime charged. Smith v. State, 5 Okla. Cr. 67, 113 Pac. 204, and authorities there cited. The only direct evidence that plaintiff in error sold the narcotic drug to Ethel Stephens was the testimony of Ethel Stephens herself. Ethel Stephens was impeached as to general reputation for truth and veracity.

Under the circumstances, we are of the opinion that the admission of the evidence of the witness Coon relative to other sales made by the accused to him at other and different times was clearly improper and prejudicial to the accused, and deprived her of a fair trial. There was no question of knowledge, design, intent, or mistake, or any other element entering into the trial, under which such evidence might have been admissible. The single issue in this case was whether or not, at the time alleged, the plaintiff in error made the sale of a narcotic drug to Ethel Stephens. To permit evidence which would put her whole life in issue on a charge of a single wrongful act was irrelevant to such issue. 1 Bishop, Criminal Procedure, par. 1124.

Further complaint is made of the admission of certain evidence in rebuttal. After the accused had testified that she did not make the sale, certain officers were permitted to testify that, about three or four hours after the time that Ethel Stephens testified the accused had sold her a capsule of cocaine at the accused's place of residence in the city of

Enid, they (the officers) made a search of the residence of the accused, and in a room occupied by a roomer in the house they found some capsules containing morphine, and in the possession of certain parties in said room they found hypodermic syringes and needles. The undisputed evidence was that the accused had no control over this room, and that the narcotic drugs and instruments for their administration were found in the possession of others than the accused, and that the accused was not in the room at the time. We cannot see that this evidence had any bearing upon the single issue of the sale to Ethel Stephens, or was properly admitted in rebuttal to any evidence offered by the accused.

For reasons stated, the conviction is reversed, and the cause remanded to the trial court for further proceedings not inconsistent with this opinion.

BESSEY and DOYLE, JJ., concur.