## BEN SMITH v. STATE.

No. A-5031.  Opinion Filed Nov. 14, 1925.
(240 Pac. 656.)

Walter Mathews, for plaintiff in error.

Geo. F. Short, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

BESSEY, P. J.  The information in substance charged that Ben Smith and Mamie Cobb willfully, unlawfully, and feloniously sold to J. W. Stafford one capsule of morphine for the price of $1; the exact quantity of morphine being unknown to the county attorney, contrary to the statutes.

The information was attacked by demurrer, urging that the facts stated did not constitute a public offense; that more than one offense was stated; that the information was so ambiguous that a person of ordinary intelligence could not know what was intended; and that the court could not render judgment on conviction according to the rights of the case.  The demurrer was overruled.  At the close of the testimony the court instructed the jury that the evidence was insufficient to hold Mamie Cobb.

Against the plaintiff in error, Ben Smith, the jury rendered a verdict of guilty without assessing the punishment. The court, in pronouncing judgment upon the verdict, fixed the penalty at a fine of $500 and imprisonment in the state penitentiary for five years.

In his brief on appeal plaintiff in error complains that the information does not state facts sufficient to charge the crime of illegally selling narcotic drugs.

Section 8886, Comp. Stat. 1921, defines narcotic drugs thus:

"As used in this act, the term 'narcotic drugs' shall be construed to mean and comprehend opium or coca leaves or any compound, manufacture, salt, derivative, or preparation thereof including paregoric except preparations or remedies which do not contain more than two grains of opium, or more than one-fourth of a grain of morphine, or more than one-eighth of a grain of heroin, or more than one grain of codeine, or any salt or derivative of any of them in one fluid ounce, or, if a solid or semi-solid preparation, in one avoirdupois ounce, and except liniments, ointments or other preparations which are prepared for external use only," etc.

The plaintiff in error claims that the information was defective because it did not state that the capsule of morphine sold contained more than one-fourth of a grain of morphine to the fluid or avoirdupois ounce, or that it was not sold as medicine for external use only.

Counsel for plaintiff in error argues as if plaintiff in error were charged in the trial court with the sale of a preparation or remedy containing morphine, instead of with the sale of morphine itself. In Barr et al. v. State, 32 Okla. Cr. 99, 231 P. 322, it was said:

"The court will take judicial notice that morphine sulphate is a narcotic drug within the definition of that term as contained in section 8886, Comp. Stat. 1921, and that an ordinary dose of this substance is from one-twelfth to one-half of a grain."

It is self-evident that the pleader was not obliged to state that the thing sold contained more than one-fourth of a grain of itself to the fluid or avoirdupois ounce. Neither is it necessary to negative the exceptions or provisos contained in the narcotic drug statute. A portion of section 8887, the section prohibiting the sale of narcotic drugs as defined in the preceding section, states:

"It shall not be necessary to negative any of the aforesaid exceptions in any complaint, information, or indictment, or any writ of proceeding laid or brought under this act; and the burden of proof of any such exemption or exception shall be upon the defendant." Alexander v. State, 24 Okla. Cr. 435, 218 P. 543.

Plaintiff in error urges that the penalty assessed is excessive. The evidence is not before us, the appeal being here on a transcript of the record only. The trial court may have seen the accused on the witness stand, and could observe his appearance and demeanor. It may have developed in evidence that the plaintiff in error was an old offender. The illegal sale of narcotic drugs is a most reprehensible practice, having a debasing influence on both the seller and the buyer and on society in general, and meriting severe punishment. The penalty here assessed was not the maximum prescribed by the statute. Under such circumstances there is no showing made which would warrant this court in modifying the sentence imposed by the trial court.

The judgment of the trial court is therefore affirmed.

DOYLE and EDWARDS, JJ., concur.