## JOSIE McDANIELS v. STATE.

No. A-5687.   Opinion Filed Feb. 26, 1927.
Rehearing Denied March 26, 1927.
(253 Pac. 1041.)

Freeman E. Miller, for plaintiff in error.

Edwin Dabney, Atty. Gen., and C. C. Suman, Co. Atty., of Stillwater, for the State.

EDWARDS, J.   The plaintiff in error, hereinafter called defendant, was convicted in the district court of Payne county on a charge of having the unlawful possession of narcotics, and was sentenced to serve a term of one year in the state penitentiary.

The record discloses the following state of facts: At the time charged defendant was suspected of having possession of narcotics. Before daylight, on the morning of the day the offense is charged to have been committed, certain officers were watching the premises of defendant, and observed Elmer Boudenier, a drug addict, drive near the rear of defendant's house, get out of the car, and saw defendant meet him and hand him something, and receive something in exchange, and then saw defendant conceal something in the ground. They procured a search warrant for the person of defendant, and returned to the premises and at the place where they had seen defendant apparently conceal something, discovered buried in the ground a jar containing 25 cubes of morphine hydrochloride, weighing 80 grains.

Defendant denied any knowledge or connection with the morphine found, but testified that formerly, upon a plea of guilty, she had been convicted of a violation of the narcotic law. Boudenier denied that he was at the premises or had any transaction with defendant.

The defendant first contends that the information is insufficient, particularly in that it does not negative the exceptions in the statute under which the possession of narcotic drugs is legal. The act under which the prosecution is brought (section 8887, Comp. St. 1921), however, contains the proviso:

"* * * Provided, further, that it shall not be necessary to negative any of the aforesaid exceptions in any complaint, information, or indictment, * * *, and the burden of proof of any such exemption or exception shall be upon the defendant. * * *"

The question was determined adversely to the contention of defendant in the case of Harrison v. State, 12 Okla. Cr. 398, 157 P. 707, and in the case of Stout

v. State, 26 Okla. Cr. 390, 224 P. 375, the latter being under the narcotic statute, and it is there held:

"Where a penal statute expressly provides that certain exceptions to or exemptions from its operation shall be matters of defense, such exceptions need not be negatived in the information."

It is next argued that the affidavit for a search warrant and the search warrant based thereon are invalid, and the search made thereunder was unreasonable, and in violation of the constitutional rights of defendant. Before entering upon the trial, defendant filed a motion to suppress the evidence. In the course of the trial, however, when the jar containing the narcotics was offered in evidence, defendant's counsel conceded its admissibility. The following appears:

"By Mr. Suman: We now offer in evidence the jar and its contents as Exhibit A.

"By Mr. Miller: Object to the jar as labeled as being introduced. The jar and the morning (the word 'morning' probably should be 'morphine') I think are admissible, but—

"By the Court: Well, let the jury consider the jar and the contents, but do not consider the label. Anything on the label won't be considered as in evidence against the defendant. * * *"

Since counsel for defendant conceded the admissibility of this evidence in the trial court, he will not be heard to complain here that its admission is error. Aside from that, however, the record reasonably discloses that a felony was committed in the presence of the officers, and in such case no warrant for the arrest of defendant and a search of her person was necessary. At the very least it appears that a felony had in fact been committed, and there was reasonable cause for believing the defendant to have committed it. The arrest was legal, and the recovery of the morphine concealed by

the defendant without a search warrant was not an unreasonable search. Francis et al. v. State, 26 Okla. Cr. 82, 221 P. 785; Ricketts v. State, 23 Okla. Cr. 267, 215 P. 212; Davis v. State, 30 Okla. Cr. 61, 234 P. 787; Gaines v. State, 28 Okla. Cr. 353, 230 P. 946.

Complaint is next made that the court erred in his instructions to the jury. Under this assignment, several of the court's instructions are challenged, none of which have any particular merit. Some of the instructions are loosely drawn, but none of the matters complained of are prejudicial to any substantial right of the defendant. The evidence sustains the verdict, and we see no reason to disturb the judgment. The case is affirmed.

DOYLE, P. J., and DAVENPORT, J., concur.