## CLARA UNDERWOOD v. STATE.

No. A-9127.   Jan. 27, 1937.
(64 Pac. [2d] 929.)

Gordon Fuller, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for the State.

DAVENPORT, P. J. The plaintiff in error, for convenience herein referred to as the defendant, was by information charged with the specific crime of willfully, unlawfully, wrongfully, and feloniously selling and delivering to one Roy Bridges five marihuana cigarettes, for the consideration and sum of 25 cents; was tried, convicted, and sentenced to serve a term of two years in the state penitentiary. From which conviction the defendant appeals.

The substance of the state's testimony is that the defendant was living at No. 2 S. W. Fourteenth street, Oklahoma City, Okla., on the 24th day of May, 1935. The proof shows on the said date John Von Elm, together with Roy Bridges, went to the home of the defendant, and Von Elm claims he gave Roy Bridges 25 cents to go

to the defendant's home and buy marihuana cigarettes. Bridges claims he went to the defendant's home and found the defendant, Vada Runnels, and a boy, and asked if they had any weeds, and that he bought from the defendant five marihuana cirgarettes. He struck a match and lit one and came out of the house smoking it, and gave to the witness on returning the one he was smoking and four other cigarettes.

Vada Runnels, testifying for the state, says the defendant sold the cigarettes to Bridges.

The defendant denies she sold the cigarettes to Bridges, and denies she was at home the day the alleged sale took place, but states she left home that morning at 7 o'clock, and took her car and drove a Mr. and Mrs. Vaughn to Seminole. Both Mr. and Mrs. Vaughn corroborate the defendant as to when she left Oklahoma City, and where they went, and what time in the evening they returned to Oklahoma City. Both Mr. and Mrs. Vaughn state they left with the defendant, in her car, from Oklahoma City, about 7 a. m., and were with her all during the day and returned to Oklahoma City about 9 o'clock in the evening of the 24th of May, 1935, the day of the alleged purchase of the marihuana cigarettes by Roy Bridges.

To rebut the testimony of the defendant and Mr. and Mrs. Vaughn, Vada Runnels was recalled by the state, and testified the defendant did not leave her home until after Bridges came down to the house and bought the cigarettes from the defendant.

The defendant in her testimony denied that she sold Bridges any marihuana cigarettes, or that she had any in her possession at the time. Over the objections of the defendant, the court permitted the state to prove that at

a later hour in the day than they claim Bridges bought the cigarettes of the defendant they went back to the defendant's home with a search warrant, and searched the premises, finding the witness Vada Runnels and a boy at the home, but that the defendant was absent, and permitted the witness to tell of the marihuana cigarettes and other things they found around the place. This was subsequent to the specifically alleged offense of the sale of five marihuana cigarettes to Bridges.

The court also permitted, over the objections of the defendant, the state to prove by W. D. Tucker that three weeks or more prior to the 24th day of May, 1935, he went to the defendant's home, and took possession of some marihuana cigarettes. The defendant was in bed at the time, and witness stated there was only one room in the house. The witness says he did not have a search warrant to search the house, nor did he have permission.

The defendant assigns eight errors alleged to have been committed by the court in the trial of her case. In her brief she only discusses three of the assignments.

"1. Error of the court in overruling her motion for a new trial.

"2. Error of the court in overruling her motion for a directed verdict.

"3. Error of the court in admitting incompetent, irrelevant, immaterial and prejudicial testimony and evidence on the part of the State of Oklahoma, over the objection of plaintiff in error, the defendant."

These three assignments have been considered together by the defendant in her brief, and the defendant earnestly urges that the court committed error in permitting incompetent, irrelevant, immaterial, and prejudicial evidence to be introduced against the defendant, over her objections.

It is necessary to keep in mind in this case the defendant was charged with a single sale of five marihuana cigarettes for 25 cents.

This court in Alexander v. State, 24 Okla. Cr. 435, 218 Pac. 543, in the second paragraph of the syllabus, said:

"Where the information charged a single sale to a named person on a certain date, proof of other alleged sales to another person at different times and on different occasions was improperly admitted over objection of accused; no question of knowledge, design, intent, or mistake, or other such element entering into the issues formed by the evidence, to make such evidence admissible."

During the progress of the trial the state was permitted to offer testimony of W. D. Tucker that within three weeks prior to the date of the alleged sale in this case he visited the home of the defendant without a search warrant to search her home, and out of some of the furniture in the room took some marihuana cigarettes. This evidence was admitted over the objection of counsel for the defendant, and exceptions duly taken. As shown by the record, the witness was a trespasser in the home of the defendant when he entered it and proceeded to go through the furniture and take from the house anything in particular, either marihuana cigarettes or any other property, for the reason that he had no authority to enter the defendant's home as an officer or individual without a proper search warrant to search the same based on an affidavit as provided by our statutes.

The home of the defendant is her castle, and, though a one-room shack, she is entitled to the protection of the law, and any officer who enters it without a search warrant is a trespasser and law violator, and any testimony procured while violating the law as a trespasser in the

home of the defendant is inadmissible and prejudicial to the rights of this defendant on trial for a specific sale.

The testimony of Tucker had no relation to the alleged sale to Roy Bridges, and, if true, was a violation of the law by the defendant at a different time and on a different occasion to the one charged in the information. Where the state relies on a particular sale of marihuana cigarettes, the general rule is that proof of other violations of the law for the purpose of establishing the particular sale charged is not admissible. The issue in this case is single, and the testimony should be confined to the issue. When the defendant is on trial for one offense, the prosecution cannot aid the proof against her by showing she committed other offenses. Horton's Crim. Evidence, par. 104; First Bishop, Crim. Proc. par. 1120.

The reason and justice of the rule is apparent, and its observance is necessary to prevent injustice in criminal prosecutions. Bishop says:

"To permit such evidence will be to put a man's whole life in issue upon a charge of a single wrongful act, and crush him by irrelevant matter he could not be prepared to meet." First Bishop, Crim. Proc. par. 1124.

The defendant further complains that over her objections certain officers were permitted to testify that about thirty minutes to an hour after the time Roy Bridges testified the accused had sold him five marihuana cigarettes at her residence in Oklahoma City the officers made the search of the residence of the accused, and in her room occupied at the time of the search by Vada Runnels and a boy they claim to have found marihuana cigarettes. The undisputed evidence of the officers shows that at the time the search was made the defendant was not at home. We cannot see that this evidence had any bearing upon

the single sale to Roy Bridges, or that it was properly admitted to contradict or disprove the evidence offered by the defendant.

For the reason stated, the conviction is reversed and remanded to the trial court for further proceedings not inconsistent with this opinion.

DOYLE and BAREFOOT, JJ., concur.