# Ex parte SANDERS.

No. A-11575. Dec. 5, 1951.

Writ of Certiarari Denied Jan. 28, 1952. See 72 S. Ct. 370.

(238 P. 2d 840.)

Walter L. Sanders, petitioner, pro se.

Mac Q. Williamson, Atty. Gen., and Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

JONES, J. This is an original action in habeas corpus instituted by the petitioner, Walter L. Sanders, wherein he alleges that he is illegally restrained of his liberty at the Oklahoma State Penitentiary.

The verified petition alleges that Sanders entered a plea of guilty to an information filed in the district court of Tulsa county on October 18, 1948, to the crime of burglary in the second degree, a third offense, and was sentenced to serve a term of ten years imprisonment in the State Penitentiary; that pursuant to said judgment and sentence the petitioner is now confined in the state penitentiary.

Petitioner alleges that there is no offense defined by our statutes such as that named in the information to which he entered his plea of guilty, and that therefore his incarceration is illegal and he should be freed from restraint.

The statute under which the petitioner was prosecuted provides:

"Every person who, having been convicted of any offense punishable by imprisonment in the penitentiary, commits any crime after such conviction, is punishable therefor as follows:

"1. If the offense of which such person is subsequently convicted is such that upon a first conviction an offender would be punishable by imprisonment in the penitentiary for any term exceeding five years, such person is punishable by imprisonment in the penitentiary for a term not less than ten years." 21 O. S. 1941 § 51, Subdivision 1.

This statute has been before the court many times for interpretation and is variously referred to in the decided cases as the habitual criminal statute. In Ex parte Hibbs, 86 Okla. Cr. 113, 190 P. 2d 156, Certiorari denied, Hibbs v. Oklahoma, 335 U. S. 835, 69 S. Ct. 25, 93 L. Ed. 387, this court held that such statute is not unconstitutional as denying equal protection of the laws, compelling accused to be witness against himself, or providing for cruel or unusual punishment. See also Tilghman v. Burns, 91 Okla. Cr. 359, 219 P. 2d 263; Solomon v. State, 79 Okla. Cr. 93, 151 P. 2d 944.

The punishment on conviction of second degree burglary after former conviction of a felony is any term in the penitentiary not less than ten years. Herren v. State, 75 Okla. Cr. 251, 130 P. 2d 325.

In the body of the information it is alleged that defendant committed the crime of burglary in the second degree after being formerly convicted of two felonies and each of the former convictions were set forth in the information filed against the accused. This information conformed to the habitual criminal statute and was a sufficient basis for the infliction of the minimum punishment of ten years imprisonment in the penitentiary upon entering of his plea of guilty to such charge. The fact that more than one former conviction is set forth in the information does not invalidate it. The writ of habeas corpus is denied.

BRETT, P. J., and POWELL, J., concur.