**Application of George W. DONALDSON, #65357 for Writ of Habeas Corpus.**

**No. A–13233.**

Court of Criminal Appeals of Oklahoma.

Sept. 5, 1962.

George W. Donaldson, petitioner, pro se.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for respondent.

BRETT, Judge.

This is an original petition for writ of habeas corpus, brought by George W. Donaldson, #65257, wherein he complains that he is being unlawfully detained by the Warden of the Oklahoma State Penitentiary under and by virtue of a judgment and sentence of the district court of Tulsa County, Oklahoma, entered against him on May 17, 1961 on a charge of obtaining nar-

cotic drugs by fraud, after former conviction of a felony.

Petitioner alleges that "The crime of obtaining narcotics ·by fraud, after former conviction of a felony, can be found nowhere in the statute of Oklahoma."

The information in this case was based upon subdivision (1) Title 63 O.S.1961 § 417, providing:

"(1) No person shall obtain or attempt to obtain a narcotic drug, or procure or attempt to procure the administration of a narcotic drug, (a) by fraud, deceit, misrepresentation, or subterfuge; or (b) by the forgery or alteration of a prescription or of any written order; or (c) by the concealment of a material fact; or (d) by the use of a false name or the giving of a false address."

The validity of the habitual criminal statute (21 O.S.1961 § 51) under which the accused was also charged, has repeatedly been upheld by this court. Ex parte Sanders, 95 Okl.Cr. 33, 238 P.2d 840, certiorari denied 342 U.S. 929, 72 S.Ct. 370, 96 L.Ed. 692, and many other cases.

It appears from the court minutes that the judgment and sentence was entered upon a plea of guilty, with the aid of able counsel.

It further appears from the photostatic copies of the information, the minutes of the court and the judgment and sentence attached to the petition, that the trial court had jurisdiction of the person of the defendant, jurisdiction of the crime with which he was charged, and in addition full authority to render the judgment upon which the commitment was issued. It further appears that the trial court did nothing to affect the loss of jurisdiction, so that the judgment and sentence is not now subject to collateral attack.

This court has held in numerous cases that where the foregoing essential elements to the completion of jurisdiction to render the judgment and sentence are present, the same will not be vacated or set aside on ha-

beas corpus. Ex parte Keel, 62 Okl.Cr. 277, 71 P.2d 313; Ex parte Yoder, Okl.Cr., 298 P.2d 1083.

The petition for writ of habeas corpus is, accordingly, denied.

NIX, P. J. and BUSSEY, J., concur.