**Dennis Edward LOANE, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–16085.**

Court of Criminal Appeals of Oklahoma.

Sept. 20, 1971.

Andrew T. Dalton, Jr., Appellate Public Defender, Tulsa County, Oklahoma, for plaintiff in error.

Larry Derryberry, Atty. Gen., Paul Crowe, Legal Intern, for defendant in error.

BUSSEY, Presiding Judge:

Dennis Edward Loane, hereinafter referred to as defendant, was charged, tried, and convicted in the District Court of Tulsa County, Oklahoma for the offense of Unlawful Sale of Narcotics, After Former Conviction of a Felony. His punishment was fixed at ten years imprisonment, and a fine of $1,000, and from said judgment and sentence, a timely appeal has been perfected to this Court.

At the trial, Officer Jones testified that he and Officer McDonald went to the home of the defendant at approximately 8:37 o'clock p. m. on February 5, 1970. The officers accompanied the defendant into the trailer house where the defendant produced liquid Demerol and morphine tablets. Officer Jones purchased five bottles of Demerol and thirty-five morphine tablets for $50.00, from the defendant. The officers left the trailer house and took the items purchased to Mr. Spencer for chemical analysis.

Homer Spencer, chemist employed by the City of Tulsa, Oklahoma's City-County Health Department, testified that after having examined the exhibits in question, he determined that the drugs were meperidine hydrochloride or Demerol, and morphine hydrochloride.

Officer McDonald testified to the same set of facts substantially as related by Jones.

The defendant did not testify, nor was any evidence offered in his behalf; the prior conviction of a felony was stipulated.

 The first proposition asserts that the sentence imposed is unconstitutional, for the reason that it constitutes an impermissive discrimination against the defendant, an indigent, and thus denies him equal protection of the laws. The defendant cites the case of Williams v. Illinois, 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586 (1970), wherein the United States Supreme Court stated:

> "* * * when the aggregate imprisonment exceeds the maximum period fixed by the statute and results directly from an involuntary nonpayment of a fine or court costs we are confronted with an impermissible discrimination that rests on ability to pay * * *
>
> "* * *"

The Court continues:

> "* * * an indigent criminal defendant may not be imprisoned in default of payment of a fine beyond the maximum authorized by the statute regulating the substantive offense."

We are of the opinion that this proposition is prematurely before this Court, in that, although the defendant is presently a pauper, there has been no showing that his financial condition would remain the same at the conclusion of his term of imprisonment. Defendant has filed a supplemental Brief, wherein he asserts that the trial court erred in allowing the defendant to be prosecuted for the offense of "Sale of Narcotic Drugs, After Former Conviction of a Felony," since said purported offense does not exist. Although this proposition is improperly before this Court, in that the defendant did not cite authorities to support this contention, we have examined the same and find it to be without merit. In the Application of Donaldson, Okl.Cr., 374 P.2d 623 (1962), Judge Brett stated:

> "Petitioner alleges that 'The crime of obtaining narcotics by fraud, after former conviction of a felony, can be found nowhere in the statute of Oklahoma.'

" * * *

"The validity of the habitual criminal statute (21 O.S.1961, § 51) under which the accused was also charged, has repeatedly been upheld by this court. Ex parte Sanders, 95 Okl.Cr. 33, 238 P.2d 840, certiorari denied 342 U.S. 929, 72 S.Ct. 370, 96 L.Ed. 692, and many other cases."

In conclusion, we observe the unlikeliness that the defendant would be financially able to pay a fine of $1,000 at the conclusion of his imprisonment. Therefore, in the interest of justice, the judgment and sentence is modified to a term of ten (10) years imprisonment, and as so modified, the judgment and sentence is affirmed.