Dennis Edward **LOANE**, Plaintiff in Error,

v.

The **STATE** of Oklahoma, Defend-
ant in Error.

No. A–16109.

Court of Criminal Appeals of Oklahoma.

Oct. 27, 1971.

Andrew T. Dalton, Jr., Public Defender, Tulsa County, for plaintiff in error.

Larry Derryberry, Atty. Gen., Paul Crowe, Asst. Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge.

Dennis Edward Loane, hereinafter referred to as defendant, was charged, tried, and convicted in the District Court of Tulsa County, Oklahoma for the offense of Unlawful Sale of Narcotic Drugs, After Former Conviction of a Felony. His punishment was fixed at nine (9) years impris-

onment, and a fine of $1,000, and from said judgment and sentence, a timely appeal has been perfected to this Court.

At the trial, Officer Charley Jones testified that he and Officer McDonald and one Tommy Anthamatten went to the home of the defendant at approximately 7:00 o'clock p. m. on February 5, 1970, and Anthamatten introduced the defendant to the officers, using their assumed names. Defendant asked, "What are you guys interested in?" and the defendant was asked what he had. Defendant stated that he had liquid Demerol and some morphine tablets. The officers followed the defendant to a trailer house, wherein the officers purchased four bottles of Demerol and eight white tablets from the defendant, who was paid $20.00. Officer McDonald testified substantially to the same facts as related by Officer Jones.

Mr. Homer Spencer testified that he was a chemist employed by the City-County Health Department, and that he made tests of the evidence purchased by the officers and found them to contain meperidine hydrochloridge, commonly known as Demerol and morphine hydrochloridge.

The defendant did not testify, nor was any evidence offered in his behalf. Defendant's first two propositions assert that he was twice put in jeopardy for the same offense. Defendant was charged and convicted in a companion case of Unlawful Sale of Narcotics on the same day, involving the same officers. Defendant argues that this case meets the same transaction test, by virtue of the continuity of circumstances, and as such, constitutes double jeopardy.

In the instant case, the two police officers purchased three bottles of Demerol and eight morphine tablets from the defendant on February 5, 1970, at approximately 6:55 p. m., whereas in the companion case, the same officers returned at approximately 8:30 p. m., and purchased five (5) bottles of Demerol and thirty-five (35) morphine tablets for a total of $50.00, from the defendant.

We discussed a similar question in the recent case of Lawson v. State, Okl.Cr., 484 P.2d 900 (1971), in which Judge Brett stated:

"Consequently, the determinative question in this appeal is: Were defendant's criminal acts one transaction? There can be no argument with the fact that defendant's act were set on foot for the single purpose of committing the act of burglary. In the fulfillment of that purpose, he also committed the crime of Armed Robbery, *in an unintermittent manner*." (Emphasis Ours)

We are of the opinion that the two sales were not, in fact, a continuing transaction, and as such, constitutes two distinct offenses. We observe the differences in the time of the sales, the differences in the amounts of each sale, the differences in the number of items sold on each occasion, and the obvious completeness of each sale, that is the exchange of money, and the passing possession of the drugs. In Inland Refining Company v. Langworthy, 112 Okl.Cr. 280, 240 P. 627, the Court defines sale as follows:

"A sale really consists of two separate and distinct elements: First, a contract of sale which is completed when the offer is made and accepted; and, second, a delivery of the property which may precede, be accompanied by, or follow the payment of the price, as may have been agreed on between the parties."

We further observe that there were no testimony introduced in the instant case concerning the second sale. In the early case of Estep v. State, 11 Okl.Cr. 103, 143 P. 64, we stated:

"To give our constitutional provision the force evidently intended by the language used, and to render it effectual, the decisive test is whether the same testimony will support both charges. Otherwise stated, the offenses are the same whenever evidence adequate to the one information will equally sustain the other."

We, therefore, find these propositions to be without merit.

The next proposition contends that the sentence imposed is unconstitutional or in the alternative excessive, for the reason that it constitutes an impermissible discrimination against the defendant, and indigence, and thus denies him equal protection of the law. The defendant relies upon the case of Williams v. Illinois, 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586 (1970), wherein the United States Supreme Court stated that when the aggregate imprisonment of an indigent state prisoner exceeds the maximum period fixed by the statute governing the offense involved and results directly from an involuntary nonpayment of a fine or court costs, there is an impermissible discrimination that rests on the ability to pay.

The Court continued:

"An indigent criminal defendant may not be imprisoned in default of payment of a fine beyond the maximum term authorized by the statute regulating the substantive offense."

We are of the opinion that this proposition is prematurely before this Court, in that although the defendant is presently a pauper, original showing that the defendant's present financial situation will be the same at the conclusion of his period of imprisonment.

■ The next proposition asserts that Title 63 O.S. § 418, is unconstitutional in that it creates not only a presumption of guilt, but also impermissive presumption that a crime has, in fact, been committed. Section 418, supra, provides as follows:

"In any complaint, information, or indictment, and in any action or proceeding brought for the enforcement of any provisions of the Act, it shall not be necessary to negative any exception, excuse, proviso, or exemption, contained in this Act, and the burden of proof of any such exception, excuse, proviso, or exemption, shall be upon the defendant."

We are of the opinion that Section 418, supra, does not, in fact, shift the burden of proof from the State to the defendant. The proof of the guilt of the defendant remains the burden of the State, and the determination of whether a defendant is a member of a protective class is not the ultimate issue, but a subsidiary issue, and all the evidence presented which tends to prove that the defendant is a member of this protective class in no way will prove the ultimate guilt or innocence of the defendant. In Alexander v. State, 24 Okl.Cr. 435, 218 P. 543 (1923). Smith v. State, 32 Okl.Cr. 247, 240 P. 656 (1925). McDaniels v. State, 36 Okl.Cr. 313, 253 P. 1041 (1927).

■ The defendant has filed a supplemental brief, wherein he asserts that the trial court erred in allowing the defendant to be prosecuted for the offense of "Sale of Narcotic Drugs, After Former Conviction of a Felony," since said purported offense does not exist. Although this proposition is improperly before this Court, in that the defendant did not cite authorities to support his contention, we have examined the same, and are of the opinion that it is without merit. In dealing with a similar question in the case of Application of Donaldson, Okl.Cr., 374 P.2d 623, Judge Brett stated:

"Petitioner alleges that 'The crime of obtaining narcotics by fraud, after former conviction of a felony, can be found nowhere in the statute of Oklahoma.'

"The validity of the habitual criminal statute (21 O.S. 1961, § 51) under which the accused was also charged, has repeatedly been upheld by this court."

Ex parte Sanders, 95 Okl.Cr. 33, 238 P.2d 840, certiorari denied 342 U.S. 929, 72 S. Ct. 370, 96 L.Ed. 692, and many other cases.

■ In conclusion, we observe that the likelihood of the defendant having sufficient funds to pay a $1,000 fine at the conclusion of his term of imprisonment is unlikely. Therefore, in the interest of justice, the judgment and sentence is modified

to a term of nine (9) years and as so modified, the judgment and sentence is affirmed.

BRETT, J., concurs.

NIX, J., not participating.