**Dennis LOANE, Appellant,**

**v.**

**The STATE of Oklahoma, Appellee.**

**Nos. A–17924 to A–17926.**

Court of Criminal Appeals of Oklahoma.

Dec. 27, 1972.

Brian S. Gaskill, Tulsa, for appellant.

Larry Derryberry, Atty. Gen., for appellee.

BUSSEY, Presiding Judge:

These are consolidated appeals from the denial of post conviction relief in the District Court of Tulsa County, Cases No. CRF–70–283, CRF–70–284, and CRF–70–285. The Appellant was charged under 21 O.S. § 51, which provides, in pertinent part:

"Every person who, having been convicted of any offense punishable by imprisonment in the penitentiary, commits any crime after such conviction is punishable therefor as follows:

1. If the offense of which such person is subsequently convicted is such that upon a first conviction an offender would be punishable by imprisonment in the penitentiary for any term exceeding five years, such person is punishable by imprisonment in the penitentiary for a term not less than ten years.

2. If such subsequent offense is such that upon a first conviction the offender would be punishable by imprisonment in the penitentiary for five years, or any less term, then the person convicted of such subsequent offense is punishable by imprisonment in the penitentiary for a term not exceeding ten years.

\* \* \*"

An appeal was taken from CRF–70–283 and CRF–70–285, which were modified and affirmed in Loane v. State, Okl.Cr., 490 P.2d 759 and Loane v. State, Okl.Cr., 489 P.2d 502. No appeal was taken from CRF–70–284, but instead, an application for post conviction relief was filed in the trial court and the Order denying relief was affirmed in an Order of this Court, Case No. A–16, 540. In each of the cases the appellant was charged with Unlawful Sale of Narcotics, After Former Conviction of Grand Larceny. In CRF–70–283 Appellant was sentenced to serve a term of nine years imprisonment and pay a $1000.00 fine; said fine was stricken by this Court and otherwise affirmed in Loane v. State, Okl.Cr., 490 P.2d 759. In CRF–70–285 Appellant was sentenced to serve a term of ten years imprisonment and pay a $1000.00 fine; said fine was stricken by this Court and otherwise affirmed in Loane v. State, Okl.Cr., 489 P.2d 504. In CRF–70–284 Appellant was sentenced to serve a term of six years imprisonment and pay a $500.00 fine, on his plea of guilty.

It is now contended that Appellant was improperly charged in each of the above styled cases under the provisions of 21 O.S. § 51, but to the contrary should have been charged under the provisions of 63 O.S. § 420. Appellant argues that 63 O.S. § 420 is a specific statute, whereas 21 O.S. § 51 is a general statute and in such cases the specific statute controls over the general statute under the provisions of 21 O.S. §

11. The provisions of 63 O.S. § 420, recite, in pertinent part:

"(a) Whoever violates any provision of this Act shall upon conviction be fined not more than One Thousand Dollars ($1,000.00) or be imprisoned not more than five (5) years, or by both such fine and imprisonment. For a second offense, or if in case of a first conviction of violation of any provision of this Act, the offender shall previously have been convicted of any violation of the laws of the United States or of any other state, territory or the District of Columbia, relating to narcotic drugs or marihuana, the offender shall be fined not more than Three Thousand Dollars ($3,000.00) or be imprisoned not less than five (5) or more than ten (10) years. For a third or subsequent offense, or if the offender shall previously have been convicted two or more times in the aggregate of any violation of the law of the United States or of any other state, territory or District of Columbia relating to narcotic drugs or marihuana, the offender shall be fined not more than Five Thousand Dollars ($5,000.00) or be imprisoned not less than ten (10) or more than twenty (20) years. * * * "

■■ From even the most cursory examination of the statute above cited, it is abundantly clear that this statute applies only to subsequent convictions for narcotic drugs after former convictions for the same, and has no application when the prior conviction is for a felony other than that specified in 63 O.S. § 420. Grand Larceny is not specified within the provisions of 63 O.S. § 420, and, therefore, must fall within the provisions of 21 O.S. § 51. For this reason we are of the opinion that the Orders of the trial court denying post conviction relief in the District Court of Tulsa County, Cases No. CRF-70-283, CRF-70-284, and CRF-70-285 are hereby affirmed. Dennis Loane is advised that he has now exhausted all of his state remedies.

BRETT and BLISS, JJ., concur.