**Steve BROWN, Appellant,**

**v.**

**STATE of Oklahoma, Appellee.**

**No. A–17059.**

Court of Criminal Appeals of Oklahoma.

Jan. 31, 1973.

Warren H. Crane, Lawton, for appellant.

Larry Derryberry, Atty. Gen., Jeff L. Hartman, Asst. Atty. Gen., for appellee.

OPINION

BRETT, Judge:

Appellant, Steve Brown, hereinafter referred to as defendant, was convicted in the District Court of Comanche County, Case No. CRF 70–628, of the unlawful sale of a stimulant, Lysergic Acid Diethylamide (LSD), and sentenced to one year imprisonment. Judgment and sentence was imposed on May 12, 1971, and this appeal perfected therefrom.

On appeal defendant contends that the trial court erred in admitting evidence of other offenses for which the defendant was not on trial; and that the trial court erred in allowing a rebuttal witness for the State to testify as to other crimes allegedly committed by the defendant for which he was not on trial.

It was charged by information that on October 29, 1970, the defendant sold and delivered one tablet of a stimulant, Lysergic Acid Diethylamide, know as "LSD," to Phil Nielson, for the amount of $3.50. Phil Nielson, age 18, a highschool dropout working for the police, testified that on the afternoon of October 29, 1970, he was in the Hungry U Restaurant in Lawton, Oklahoma, where he entered into an agreement with Kenny Copeland, for Copeland to sell Nielson a tablet of Mescaline. Ac-

cording to Nielson's testimony, he and Copeland left the restaurant and once outside, Copeland showed Nielson a tablet which he claimed to be Mescaline. The two agreed that Copeland would sell Nielson the tablet for $3.50. Before the transfer took place, Copeland told Nielson to wait a minute, and Copeland went across the street to a parked car. Copeland talked to the occupants of the automobile for a few minutes until defendant got out of the car. Once outside the car Nielson saw Copeland hand something to the defendant. The defendant then came across the street and asked Nielson, "Do you still want it?" Nielson said yes, took the tablet from the defendant, and then handed the defendant $3.50. Chemical analysis proved the tablet to contain LSD.

The defendant, age 16, testified that he was acquainted with Kenny Copeland and Phil Nielson. According to the defendant, on the day in question he was in Copeland's car, being given a ride home after school. According to defendant, he observed Nielson and Copeland in conversation at the restaurant. Copeland left Nielson, came over to the car, where he asked the defendant to take a tablet over to Nielson. The defendant asked Copeland "Why don't you do it," and Copeland replied that he was afraid that Nielson would hassle him. Defendant then took the tablet from Copeland and took it over to Nielson. According to defendant, he was surprised when Nielson gave him the money, but he took the money back to the car and gave it to Copeland.

During the examination of Niclson, the prosecutor inquired: "Have you ever known Steve Brown to handle narcotics before?" The defense entered an objection which was subsequently overruled by the trial court. The prosecutor then put the question again to Nielson, its primary witness:

"Q. Have you ever known Steve Brown to handle narcotics before?

"A. Yes, sir.

"Q. And would you tell us on what occasion?

"A. Well, I have seen him a few times with them in his possession, and I seen him one night sell it at the Cross the Street Restaurant."

Under the prosecutor's questioning, Nielson testified that this alleged sale of narcotics by defendant to a person other than Nielson, took place one night approximately a month prior to the alleged sale for which the defendant was on trial.

After the State had completed its case, and the defendant had testified in his own defense, the court allowed the State to call Nielson as a rebuttal witness over defense objection. Over repeated defense objection, Nielson testified in rebuttal that he and the defendant and others had sniffed glue and paint on numerous occasions. Nielson testified that on five or six occasions they obtained the paint by paying the defendant to steal it from a local department store. Nielson further testified that he had seen defendant on different occasions with drugs, LSD, or narcotics. Nielson was unable to pinpoint the exact time and location where defendant was allegedly in possession of unlawful drugs.

It is apparent from a review of the foregoing that the defendant was placed in the position of not only defending against the charge of selling one LSD tablet to Nielson on October 29, 1970, the charge for which he was on trial, but also forced to answer evidence, admitted over objection, that indicated several other crimes including a narcotics sale, repeated possession of unlawful drugs at undisclosed times and places, and the stealing of paint from a department store on five or six occasions.

■■■ It is the general rule that "evidence which in any manner shows or tends to show that accused has committed an offense other than that for which he is on trial and wholly independent thereof, even though an offense of the same sort, is inadmissible, since accused must be convicted, if at all, by evidence which shows him

to be guilty of the offense charged."
Bunn v. State, 85 Okl.Cr. 14, 184 P.2d 621
(1947). The evidence indicating defendant
committed other offenses, in particular
that he stole paint, was irrelevant, immate-
rial, and incompetent. This evidence of
other offenses did not show a common
scheme, was not so related to the charged
offense that proof of one established the
other, and was remote as to time. It was
not admissible under the guise that it es-
tablished motive and intent. See Alexan-
der v. State, 24 Okl.Cr. 435, 218 P. 543
(1923); Sweatt v. State, 473 S.W.2d 913
(Ark.1971); State v. Portrey, 6 Wash.App.
380, 492 P.2d 1050 (1972); State v. Bow-
en, 492 P.2d 480 (Or.App.1972).

■ Furthermore, the State's rebuttal
testimony over objection, showing other
offenses in an attempt to impeach defend-
ant on collateral matters, was inadmissible
and impermissible. See Brown v. State,
Okl.Cr., 487 P.2d 963 (1971).

Reversed and remanded.

BLISS, P. J., and BUSSEY, J., concur.