Ronnie Harold **DISHEROON**, Appellant,

v.

The **STATE** of Oklahoma, Appellee.

No. F–73–316.

Court of Criminal Appeals of Oklahoma.

Feb. 20, 1974.

Thomas Dee Frasier, Tulsa, for appellant.

Larry Derryberry, Atty. Gen., James L. Swartz, Asst. Atty. Gen., Stan Chatman, Legal Intern, for appellee.

## OPINION

BUSSEY, Judge:

Appellant, Ronnie Harold Disheroon, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Bryan County, Case No. CRF–72–122, for the offense of Unlawful Delivery of Marijuana, his punishment was fixed at ten (10) years imprisonment and a fine of five thousand dollars ($5,000) and from said judgment and sentence, a timely appeal has been perfected to this Court.

At the trial the testimony of Jack Wilkerson, as it was given at the preliminary

hearing, was read to the jury over the objection of the defendant. Wilkerson testified that on September 30, 1972, he was working as an undercover agent with Edward Loffi, an agent with the Oklahoma State Bureau of Investigation; that at approximately 4:45 p. m. he and a female companion went to the Toot and Scoot Drive-In. She went into the drive-in and returned to the car in approximately five minutes. Defendant and James Davis came out of the drive-in and got into a brown Chevrolet. They followed defendant and Davis to a location on South 9th Street. Upon arriving, he observed Davis hand something to some other people at which time he stated, "I'd like to have something like that if he has some more." Defendant went into the house and came out with a plastic bag containing a green, leafy substance. He handed the bag to Wilkerson's female companion and Wilkerson gave him a $20 bill. He proceeded to a prearranged location and met Agent Loffi. He initialed the bag and gave it to Loffi.

Edward Loffi testified that he was an agent with the Oklahoma State Bureau of Investigation and on the afternoon in question was surveilling his undercover agent, Jack Wilkerson. He observed Wilkerson and a female companion drive to the Toot and Scoot Drive-In. The female entered the drive-in and exited a few minutes later. Two male subjects came out of the drive-in, got in the car and left the drive-in with Wilkerson following them. He followed Wilkerson to a residence on South 9th Street. He parked about a half a block away and observed a male subject hand Wilkerson's female companion an object and Wilkerson then handed the male an object. Shortly thereafter Wilkerson met him at a motel room and gave him the plastic bag containing a green, leafy substance. The bag was initialed by both Wilkerson and Loffi and placed in an evidence envelope. He sealed the envelope and subsequently delivered it to the Oklahoma State Bureau of Investigation.

The party stipulated that if the state chemist were present he would testify that he ran tests on the material submitted to him in the evidence envelope. The tests reflected that the substance was cannabis sativa, otherwise known as marijuana.

The defendant offered, from the testimony of Jack Wilkerson on cross-examination, one question and one answer which in substance reflected that the defendant did not hand the marijuana directly to Wilkerson. Defendant did not testify nor was any other evidence offered in his behalf.

 The first and second propositions assert that the trial court erred in admitting into evidence the testimony of Jack Wilkerson taken at the preliminary hearing, inasmuch as Wilkerson was a paid police informer and that the State failed to prove the unavailability of this witness. We first observe that the record does not substantiate defendant's conclusion that Wilkerson was a paid informer. The preliminary hearing transcript reflects that Wilkerson at the date of the preliminary hearing was the Assistant Chief of Police at Hugo and prior thereto had other occupations including being an undercover agent. The record is void of evidence that Wilkerson was a paid informer.

As to defendant's second complaint that the State failed to prove Wilkerson's unavailability, we observe that the trial court conducted a hearing to determine if the State had exercised due diligence to locate Jack Wilkerson. The District Attorney made a detailed statement as to his unsuccessful efforts to obtain Wilkerson's attendance and was subjected to extensive cross-examination by defendant. We are of the opinion that the evidence was sufficient to substantiate that a diligent effort had been made to locate Wilkerson and that Wilkerson was actually unavailable. See Tucker v. State, Okl.Cr., 481 P.2d 167.

 The third proposition contends that "prosecution of this case as a separate action violates every standard of fairness and justice and is a denial of defendant's

due process." Defendant argues that he was alleged to have delivered contraband on four different occasions (September 30, 1972; October 1, 1972; October 7, 1972; and October 11, 1972), all occurring in the City of Durant, and that this action constituted one continuing offense and would not support four separate and distinct offenses. We disagree. In Loane v. State, Okl.Cr., 490 P.2d 759, whereupon the police officer made two buys of narcotic drugs from the defendant in less than two hours, we stated:

"We are of the opinion that the two sales were not, in fact, a continuing transaction, and as such constitutes two distinct offenses. We observe the differences in the time of the sales, the differences in the amounts of each sale, the differences in the number of items sold on each occasion, and the obvious completeness of each sale, that is the exchange of money, and the passing possession of the drugs."

■ The fourth proposition asserts that the trial court committed error by granting a continuance on the condition that defendant stipulate to the State chemist's report. The record reflects that on May 15, 1973, defendant and his counsel of record, Mr. James Braley, appeared for hearing on a motion to strike. The motion was overruled and defendant's attorney requested a continuance. The State objected to the continuance because the State Chemist would be unavailable except on the day the cause was set for trial. The continuance was denied when defendant's attorney refused to stipulate to the chemist's report. On May 21, defendant appeared for trial with Mr. Braley as counsel and Mr. Frasier as co-counsel. Mr. Frasier informed the court that he had just been retained to associate with Mr. Braley and requested a continuance on that basis. The District Attorney announced ready for trial and objected to the continuance because of the difficulty in obtaining the testimony of the chemist. The trial court advised Mr. Frasier that he would grant a continuance if he would stipulate to the chemist's report.

Mr. Frasier agreed to the stipulation and the case was continued until May 31. On May 31, defendant appeared with his two attorneys and a further motion for continuance was presented which was denied by the trial court.

We are of the opinion that the trial court did not abuse its discretion. In McCormick v. State, Okl.Cr., 279 P.2d 359, we stated in the second and third Syllabus:

"Continuances are matters controlled by statute, or within the trial court's sound discretion, and absence of counsel is not a statutory ground but is a matter within the trial court's discretion.

"It is not error to overrule defendant's motion for continuance on the ground of the absence of leading counsel where the defendant is duly represented by his other counsel, able and experienced lawyers particularly where the record shows that defendant was not thus deprived of making substantial defense to the charge and especially where it appears that the alleged leading counsel did not appear of record in the case until the day before trial."

■ The fifth proposition asserts that the trial court committed reversible error by denying defendant's request for a change of venue. The record reflects that defendant complied with the provisions of 22 O.S., § 561, by submitting with his petition the affidavits of three county residents which stated that the states of the minds of the inhabitants of Bryan County were so prejudicial against the defendant that a fair and impartial trial could not be had in the county. The District Attorney did not submit counter-affidavits, but rather requested permission to examine the affiants in open court. The trial court elected to take the motion under advisement stating:

"Well, the Court will take this position on the matter—the affidavits, standing alone, are not sufficient to sustain Motion for a Change of Venue. However, as the Court well knows, this defendant has been tried twice in this court since

last November, and it could well be that a cross section, as we have for a jury, here, today, might reflect that he is entitled to a change of venue. And I am not going to pass on the motion until such time as we examine the prospective jurors, and then if it is determined that a sufficient number of them have a preconceived idea of what the outcome of the matter should be, then I will grant the change of venue. Otherwise, why I will overrule it." (Tr. 22)

We are of the opinion that the trial court acted well within its sound discretion. In Rucker v. State, 88 Okl.Cr. 15, 195 P.2d 299, 199 P.2d 221, we stated in the Syllabus:

"The granting or refusing of a change of venue is a matter resting within the sound discretion of the trial court to be disposed of in furtherance of substantial justice; and action of trial court will not be disturbed on appeal, unless there is an abuse of discretion.

"An 'abuse of discretion' by the court in passing on a motion for change of venue means a clearly erroneous conclusion and judgment, one that is clearly against the logic and effect of the facts presented in support of and against the application.

"The showing made in support of application for change of venue was not so persuasive as to require that it be granted, although no counter affidavits were adduced by the state to resist it.

"The ease with which a jury was obtained and qualified on their voir dire to try the cause, before the application for change of venue was denied, was of some probative force to show that a change of venue was not necessary to insure the defendant a fair trial.

"It is not an abuse of discretion to deny a change of venue where the subsequent proceedings show that there was no difficulty in securing a fair and impartial trial."

The final proposition contends that the trial court erred in overruling the defendant's demurrer to the State's evidence. From the foregoing statement of facts, we are of the opinion that the State's evidence was sufficient to submit the question of defendant's guilt to the jury. The judgment and sentence is affirmed.

BLISS, P. J., concurs.

BRETT, J., dissents.

BRETT, Judge (dissenting):

I respectfully dissent to this decision for the same reasons stated in my dissent to Disheroon v. State, Okl.Cr., 518 P.2d 892 (1974).