**Billy Gene AHHAITTY, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–84–66.**

Court of Criminal Appeals of Oklahoma.

Feb. 25, 1986.

Patti Palmer, Deputy Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Robert W. Cole, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Billy Gene Ahhaitty, was convicted in the District Court of Comanche County, Case No. CRF–83–266, of Second Degree Burglary, After Former Conviction of Two Felonies, and was sentenced to twenty-five (25) years' imprisonment. From that judgment and sentence he appeals to this Court.

Since all three assignments of error raised by the appellant on appeal involve second stage proceedings, we deem a statement of the facts of this case unnecessary.

First, the appellant alleges that the State presented insufficient evidence that he had sustained a conviction in 1969. During the trial, the State offered certified copies of judgments and sentences from 1969 and 1979, respectively. The appellant's attorney objected to the 1969 document on the grounds that there was no testimony that the appellant was the same person as was named in that document. The record reveals that the name on the 1969 document is Billy G. Ahhaitty. This Court has often held that when the name on a judgment and sentence is identical to that of the defendant then a prima facie case is made for the previous conviction,

and absent rebutting evidence, the certified copy of the judgment and sentence is sufficient to support a finding that there had been a former conviction. *Tucker v. State,* 620 P.2d 1314 (Okl.Cr.1980). The name Billy G. Ahhaitty is sufficiently identical to Billy Gene Ahhaitty to establish a prima facie case, and we find that the State presented sufficient evidence of the 1969 conviction. We find this assignment of error to be without merit.

■ Second, the appellant alleges that the two past convictions were not shown to be final. The record does not show an objection was made to the certified copies of the judgments and sentences on the grounds that they were not final. Therefore, this assignment of error has not been properly preserved for appeal. See, *Wallace v. State,* 562 P.2d 1175 (Okl.Cr.1977). Moreover, the time for perfecting an appeal has long since passed. 22 O.S.1981, ch. 18, App., Rule 1.4(B). When an appeal has not been perfected within six months of the judgment and sentence as provided by law, that judgment and sentence may be used to enhance punishment in a subsequent trial under 21 O.S.1981, § 51. *Bowen v. State,* 586 P.2d 67 (Okl.Cr.1978). We find this assignment of error to be without merit.

■ Finally, the appellant alleges that the sentence imposed upon him as authorized by the habitual offender statute constitutes cruel and unusual punishment under the Constitution of Oklahoma because the statute authorizes an excessive sentence. We have previously held that the habitual offender statute does not violate the cruel and unusual punishment prohibition. See, *Camp v. State,* 664 P.2d 1052 (Okl.Cr.1983) and *Ex parte Sanders,* 95 Okl.Cr. 33, 238 P.2d 840 (1951), cert. denied, *Sanders v. Waters,* 342 U.S. 929, 72 S.Ct. 370, 96 L.Ed. 692 (1952). Furthermore, we have consistently held that the question of excessiveness of punishment must be determined from a sutdy of all the facts and circumstances in each particular case, and that this Court does not have the power to modify the punishment unless we can conscientiously say that under those facts and circumstances the sentence is so excessive as to shock the conscience of the Court. *Franklin v. State,* 553 P.2d 222 (Okl.Cr.1976). We cannot say that the appellant's sentence, which is five years more than the minimum sentence authorized by the statute, shocks the conscience of the Court. This assignment of error is also without merit.

Accordingly, the judgment and sentence appealed from is AFFIRMED.

PARKS, P.J., and BRETT, J., concur.