Cynthia Lea CROUCH, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F-85-684.

Court of Criminal Appeals of Oklahoma.

Oct. 15, 1987.

Rehearing Denied Nov. 18, 1987.

Clyde Stipe McAlester, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Patricia A. Flanagan, Legal Intern, Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Cynthia Lea Crouch, was convicted in the District Court of Latimer County, Case No. CRF–84–33, of Embezzlement and False Accounts by Officers for which she received a sentence of two and one-half years, and a fine of five hundred dollars ($500.00). The trial court additionally required restitution of forty-five thousand dollars ($45,000.00) to be paid within four years. The appellant appeals raising five assignments of error.

Briefly stated, the appellant was secretary/treasurer of the Wilburton Public Works Authority (Water Department) during fiscal year 1982–1983. Her duties in pertinent part, included receiving and accepting payments for water bills and meter deposits, and maintaining records and books. An attempt to audit the books for that fiscal year was unsuccessful because records of customers' accounts, pay transactions, and delinquent registers were missing. During this period, the appellant made all deposits except for the days she was absent as a result of vacation or illness. An examination of the original deposit slips which were routinely returned to the Water Department revealed numerous alterations. The auditor discovered that fifty-nine original deposit slips had been altered and that bank microfilm copies of the slips showed only check deposit entries while the original deposit slips showed both cash and check deposits. Evidence further revealed large cash deposits into both the savings and checking accounts of the appellant and her husband. That evidence showed total deposits greatly in excess of the combined salaries of the appellant and her husband.

Appellant denied taking the funds, stated that the alterations were not in her handwriting, and that the money she deposited was the result of insurance checks, payback of loans to family members, and sales of cattle.

In her first assignment of error, the appellant complains that telephone calls were made to at least two jurors during the trial, and that the trial court failed to hold an adequate hearing to determine the impact of the communication. During the hearing on the motion for new trial, the defense counsel stated that on the second day of trial the court was advised by two members of the jury that they had received threatening phone calls, and one of the jurors told the judge where he believed the calls originated. During the trial, the court instructed the jurors that they were to inform the court if they had been contacted regarding the case. We have no record

that anyone else spoke to the trial judge concerning being contacted. Defense counsel did not object to the court's instruction, or ask for any hearing. A timely objection must be made in order to preserve an alleged error for review by this Court. *Lee v. State*, 700 P.2d 1017 (Okl.Cr.1985). In addition, the record before us is insufficient to determine the issues. Defense counsel has a duty to insure that a sufficient record is provided to decide the issues. *Dollar v. State*, 674 P.2d 48 (Okl.Cr.1984). This assignment of error has no merit.

■ The appellant next alleges that the trial judge indicated his prejudice in favor of the prosecution through facial expressions and through nonverbal means. The appellant cites only one portion of the transcript, in which defense counsel moved for a mistrial on the general grounds that "the Prosecutor and the Judge are prejudiced in this case," and that the judge looked to the prosecutor for legal advice. An examination of the entire transcript fails to support the appellant's allegations that she had been treated unfairly. If a judge during a trial is indicating prejudice through nonverbal means, the defense counsel must object and dictate his specific complaint into the record. An appellant does not meet his burden of showing prejudice by a mere allegation which has no support in the record. *See Dollar.* Having failed to properly preserve this assignment of error, we find no merit therein.

■ In her last three assignments of error, the appellant complains about the restitution she was ordered to pay. She first urges that the judgment and sentence which included the $45,000.00 restitution was excessive and irrational. She claims that because she has been given only four years to repay the $45,000.00, and she was sentenced to two and one-half years in the penitentiary, she has actually been given only one and one-half years to repay that amount. Concerning the time in which the appellant has been ordered to repay the funds embezzled, the judgment and sentence on conviction states that she is or-

dered to pay the restitution amount "within four years of her release from custody." Concerning the sentence and fine, the appellant was convicted of violating 21 O.S. 1981, § 341, which provides for a fine not exceeding $500.00, and imprisonment in the penitentiary for a term of not less than one nor more than twenty years upon conviction. The sentence imposed was well within the range provided by this statute. We have frequently stated that the question of excessiveness of punishment is to be determined by facts and circumstances of each case, and that this Court will not modify a sentence unless it is so excessive as to shock the conscience of the Court. *Ahhaitty v. State*, 715 P.2d 82 (Okl.Cr.1986). We cannot say that the appellant's sentence shocks the conscience of this Court.

■ The appellant next urges that the restitution ordered was not supported by sufficient proof. She claims that the amount set was arbitrary. Title 22 O.S. Supp.1984, § 991a(B) provided in part, "When sentencing a person convicted of a crime, the court shall first consider a program of restitution for the victim, as well as imposition of a fine or incarceration of the offender." Section 991a(A)(1)(a) provided that the amount of restitution may be set by the court if the defendant is able to pay such restitution without imposing manifest hardship on the defendant or his immediate family, and if the extent of the damage to the victim is determinable with reasonable certainty.[1]

The pre-sentence investigation report, dated April 22, 1985, indicated the net worth of the appellant and her husband, by their own estimate, to be $35,000.00. The evidence presented at the trial by an accountant who testified for the defense showed that during the time period he was instructed to examine, June 1, 1982 through July 1, 1983, the appellant deposited a total of $91,586.48 into her checking and savings accounts, with cash or unexplained deposits in the amount of $30,548.08. At the time the appellant quit her job with the City of Wilburton, she was

---

1. The subsequent amendment, effective November 1, 1985, and codified 22 O.S.Supp.1985, § 991a, did not change the provisions cited above.

earning $775.00 per month, and her husband was earning $800.00 per month. As both had worked for the city during the year in question, the mayor testified that their combined salaries had totaled $16,-000.00. During the full year the appellant was secretary/treasurer of the Wilburton Public Works Authority, the total amount of cash deposited for that department was $4,947.24. The auditor for the city testified that the currency difference between the 1983–1984 fiscal year, and the 1982–1983 fiscal year was $40,877.14. The current secretary of the Public Works Authority testified that approximately twenty-five to thirty percent of their customers paid in cash, that there were approximately 1,270 customers in the 1982–1983 fiscal year, and approximately 1,200 in the 1983–1984 fiscal year. The utility rates remained the same. The information and the jury instructions stated that the appellant was charged with embezzling $45,000.00 from the Public Works Authority, and the jury convicted her. We therefore find that the trial court did not abuse its discretion in ordering restitution in that amount as the damage to the victim could be determined with reasonable certainty, and there is no evidence which would show that such restitution would impose manifest hardship upon the appellant or her family.

Finally, the appellant urges that the order for restitution violates her constitutional rights because there are no procedural safeguards, and that restitution should not be allowed as a substitution for a civil action to recover damages. Title 22 O.S. Supp.1984, § 991a makes restitution one of the options available to the trial court during sentencing requiring that the amount be "determinable with reasonable certainty." The United States Court of Appeals, Tenth Circuit, held under a federal restitution statute that such a provision for a court to determine the amount of any restitution to be paid is a constitutional extension of sentencing. *United States v. Watchman,* 749 F.2d 616 (10th Cir.1984). We agree and find this assignment of error to be meritless.

The judgment and sentence is AFFIRMED.

BRETT, P.J., and PARKS, J., concur.