Daniel PETERSON, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F-85-194.

Court of Criminal Appeals of Oklahoma.

Jan. 5, 1988.

Thomas Purcell, Asst. Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., P. Kay Floyd, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Daniel Peterson, was convicted in the District Court of Comanche County, Case No. CRF–84–41, of Manslaughter in the First Degree, and sentenced to twenty years' imprisonment. He appeals raising two assignments of error.

Briefly stated, the facts reveal that on January 24, 1984, at about 9:30 p.m., the appellant followed his wife into their trailer house, and after a few words, beat her to death with a baseball bat. Four days before, Mrs. Peterson had filed for divorce and a restraining order was issued against the appellant. The evening of the homicide, Mrs. Peterson had been to dinner with another couple, and Ed Glidden. The appellant had followed them and at one point attempted to block the pickup they were riding in, but they drove around him. When Mrs. Peterson arrived at the trailer house that evening the appellant confronted her.

During the trial, the medical examiner testified that the autopsy revealed Mrs. Peterson had received approximately thirteen blows, with seven of those to the head. The appellant testified and admitted most of the evidence that the State presented was true, but testified that he armed himself with a baseball bat out of fear of Mr. Glidden, because the appellant believed that he was also inside the trailer house.

In his first assignment of error the appellant argues that the trial court improperly excluded evidence regarding his belief that his wife's alleged lover was carrying a gun at the time of the homicide. He states that he wished to testify that he believed Ed Glidden was carrying a gun, and for that reason he picked up a baseball bat before he entered the trailer house where his wife was. The record reveals that the question which drew the objection was: "Are you familiar with or were you familiar with Ed Glidden's reputation for being—carrying a gun?" After the prosecutor objected, the trial court called counsel to the bench for argument. Defense counsel failed to argue that the question did not call for hearsay, and in fact agreed to stay away from the subject after the judge stated in response to the argument that the question called for hearsay, and began to explain why. Counsel then asked the appellant if he had reason to be afraid of Ed Glidden, and appellant replied, yes. The wording of defense counsel's question concerning Glidden's reputation for carrying a gun did call for a hearsay response, and defense counsel abandoned the argument when the trial judge stated that the question called for hearsay. Under these circumstances we do not find any error.

In his second assignment of error the appellant alleges improper prosecutorial remarks during closing argument. The appellant argues that he was given an excessive punishment because the prosecutor was allowed to argue that retribution is an appropriate reason for punishment. The prosecutor was discussing what an appropriate punishment was for the appellant given the facts of the case and the prosecutor argued the purposes for punishment including reformation, restraint, and deterrence, all of which he argued were inapplicable to the case, and finally retribution. He argued that if a crime is committed, then punishment could be exacted for that crime, and the punishment should fit the crime. He suggested life imprisonment as an appropriate punishment. The jury recommended, and the judge sentenced the appellant to twenty years' imprisonment. Having examined the entire closing argument of both the State and defense counsel, we cannot find under the circumstances that the comment complained of resulted in an excessive sentence. Questions of excessiveness of punishment are determined by a study of all of the facts and circumstances surrounding each individual case, and this Court does not have the power to modify a sentence unless it can conscientiously determine that under those facts and circumstances the sentence is so excessive as to shock the conscience of this Court. *Ahhaitty v. State*, 715 P.2d 82 (Okl.Cr.1986). We cannot say that the sentence under the facts of this case shocks the conscience of this Court. This assignment of error is without merit.

The judgment and sentence is AFFIRMED.

BRETT, P.J., and PARKS, J., concur.