Charles Lee COLLINS, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–85–657.

Court of Criminal Appeals of Oklahoma.

Feb. 24, 1988.

Lewd Molestation After Former Conviction of a Felony. He was sentenced to 150 years' imprisonment on each count, with three counts running concurrently, and one count running consecutively to the first count. He appeals raising five assignments of error.

Briefly stated, concerning the two counts of rape, the evidence revealed that a fifteen year old female relative of the appellant's testified concerning two specific occasions when the appellant forced her to have intercourse with him, once when she was eleven, and once when she was thirteen. A second female relative, who was ten years old at the time of trial, testified concerning two incidents of lewd molestation of her by the appellant when she was nine years old. Those facts are discussed in more detail in the second assignment of error.

An investigator for the Muskogee County Sheriff's Office and a Deputy Sheriff interviewed the appellant after arrest, and testified that he admitted the charges. The appellant also testified and admitted having intercourse with the first girl, but stated that he was coerced by her, and that the dates were wrong. He denied the incidents with the second girl.

In his first assignment of error, the appellant complains of two questions asked by the prosecutor, alleging that they were improper. The first question drew an objection from defense counsel, and was sustained; therefore, any error not of a fundamental error was waived. *Tahdooahnippah v. State*, 610 P.2d 808 (Okl.Cr.1980). *See Thomson v. State*, 676 P.2d 857 (Okl. Cr.1984). Finding no error requiring reversal or modification, this assignment is meritless.

In his second assignment of error, the appellant contends that the evidence was insufficient to sustain his conviction on the two counts of Lewd Molestation. In reviewing sufficiency of the evidence, we are required to determine, after reviewing the evidence in the light most favorable to the State, whether any rational trier of fact could have found the essential elements of the crime charged beyond a reasonable

Gloyd McCoy, Asst. Appellate, Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Charles Lee Collins, was convicted in the District Court of Muskogee County, Case No. CRF–84–326, of two counts of First Degree Rape After Former Conviction of a Felony, and two counts of

doubt. *Spuehler v. State*, 709 P.2d 202 (Okl.Cr.1985). Testimony was presented, which if believed, would show that the appellant in June of 1984, grabbed a nine year old girl, who is his relative, around her chest and pulled her over to him so that his penis was against her back. In July of 1984, the appellant, at about six o'clock in the morning, lay down beside the girl and attempted to remove her panties, but she got away from him. After he was arrested, he admitted to Dick Huitt, an investigator with the Muskogee District Attorney's Office, that he had rubbed the girl "in her private area on the outside of her pants, between her legs." We find that the evidence presented was sufficient to sustain the jury's verdict.

■ The appellant's third assignment of error asserts that he was denied effective assistance of counsel by defense counsel's failure to ask for separate trials on the rape and lewd molestation charges, by failure to preserve the prosecutor's closing argument when she waived transcription, by failure to object to an allegedly improper comment, by failure to ask for sequestration of witnesses at the preliminary hearing until after the first witness had testified, and by lack of preparation for trial. *Strickland v. Washington*, 466 U.S. 668, 694, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674, 698 (1984) holds: "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." The appellant confessed to officers to the charges against him, on all counts, and confessed in court to having sexual intercourse on more than one occasion with one of the minor witnesses. Considering the strength of the evidence against the appellant, we cannot find that the verdict would have been different.

■ The appellant's fifth assignment of error urges that the sentences imposed were excessive. We have consistently held that where punishment is within the range established by the legislature, we will not

disturb the sentence unless under all the facts and circumstances of the case, the sentence is so excessive as to shock the conscience of the Court. *Ahhaitty v. State*, 715 P.2d 82 (Okl.Cr.1986). Considering the facts of this case, we cannot say that the sentence is excessive or that it shocks this Court's conscience. This assignment of error is meritless.

Finally, the appellant argues that if no single assignment of error is sufficient to justify reversal when considered separately, the cumulative effect of the errors necessitates that this case be remanded for a new trial. This Court has consistently held that where there is no individual error, there can be no error by accumulation. *Master v. State*, 702 P.2d 375 (Okl.Cr.1985). Therefore, this assignment of error is also without merit.

The judgments and sentences are AFFIRMED.

PARKS, J., specially concurs.

BRETT, P.J., concurs in part, dissents in part.

PARKS, Judge, specially concurring:

I write separately to address the issue of prosecutorial misconduct. During cross-examination of the appellant, the prosecutor was allowed to question appellant concerning the age of his wife when he first started dating her and also whether or not they engaged in "acts of intimacy" before his wife reached the age of eighteen. Defense counsel did not object until the prosecutor asked whether the appellant had "a particular penchant for young girls?" At that point, counsel's objection was sustained as to the form of the question, and no further inquiry on this subject was conducted. Defense counsel, however, failed to state any specific ground of objection, nor was a specific objection necessarily apparent from the context, as required by 12 O.S. 1981, § 2104(A)(1). It is doubtful whether such questioning was relevant under 12 O.S. 1981, § 2401, since the appellant was charged with rape and lewd molestation respectively of his wife's niece and his own niece by marriage. However, no objection

was made on the grounds of relevancy or any other specific ground. Accordingly, the error was not properly preserved for appeal by making a timely specific objection. On the basis of the foregoing, and in light of the strong evidence of guilt and the nature of the crimes, I cannot say that fundamental error occurred so as to require reversal or modification. *See McLeod v. State,* 725 P.2d 877, 881 (Okl.Cr. 1986).

Thus, I agree that the conviction herein should be affirmed. I cannot concur, however, with the majority's determination that the alleged error herein was not properly preserved because defense counsel failed to request that the court admonish the jury to disregard the remarks. The statute governing this issue is 12 O.S. 1981, § 2104(A)(1) of our Evidence Code, which provides:

A. Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of a party is affected, and:

1. If the ruling is one admitting evidence, a timely objection or motion to strike appears of record, stating the specific ground of objection, if the specific ground was not apparent from the context. . . .

Pre–Code decisional law supports the majority's holding, but neither the express language of Section 2104(A)(1), or anything in its Legislative history, support the Court's conclusion that a request for an admonition to the jury is necessary to preserve an error for review on appeal. *See* 1 L. Whinery, *Guide to the Oklahoma Evidence Code* 20 (1985). In my opinion, error is preserved for appeal under Section 2104(A)(1) if a timely and specific objection is interposed by counsel, regardless of whether a request for an admonishment or motion for mistrial is made. I believe this to be the Legislature's clear intent as codified in Section 2104(A)(1).

BRETT, Presiding Judge: concurring in part/dissenting in part.

I concur that the judgments and sentences should be affirmed, but I also believe they should be made to run concurrently.