David MOSS, District Attorney, Tulsa County, Oklahoma, Petitioner,

v.

The DISTRICT COURT OF TULSA COUNTY, State of Oklahoma, and the Honorable B.R. Beasley, District Judge, Respondents.

No. S–89–518.

Court of Criminal Appeals of Oklahoma.

Oct. 18, 1989.

Rehearing Denied Aug. 23, 1990.

David Moss, Dist. Atty., Tulsa County, pro se.

Thomas C. Gillert, Assistant District Atty., Tulsa, for petitioner.

Jay C. Baker, Tulsa, for respondents.

## OPINION

LANE, Vice Presiding Judge:

The State of Oklahoma appeals pursuant to 22 O.S.Supp.1987, § 1089.7 from the District Court Order affirming dismissal by the magistrate in preliminary examination of the charge of Lewd Molestation against David Glen Sawyer in Tulsa County District Court Case No. CF-88-2665. Specifically the state appeals the magistrate's finding that the twelve-year-old prosecutrix was unreliable and that the alleged fondling of her breasts through a comforter was not lewd or lascivious.

1. He was allowed to withdraw his plea when the pre-sentence investigator recommended incar-

At preliminary hearing the State presented one witness, twelve year old S.L. She testified that when she was staying at the apartment of her seventeen-year-old brother and his wife, family friend David Glen Sawyer came over and decided to spend the night. After some discussion of where he would sleep, S.L.'s sister-in-law decided he would sleep on the single bed mattress with S.L. She was dressed in a nightshirt and wrapped in her comforter. She had known Sawyer since she was two years old and considered him to be like an older brother. When he laid down on her bed she kissed him goodnight. He then "felt up" her breasts through the comforter for five, ten or fifteen minutes. S.L. testified she tried to push him off and he stopped fondling her a couple of minutes later.

S.L.'s testimony at the preliminary examination was her third version of the encounter with Sawyer. A pre-sentence investigation had been conducted since Sawyer had initially pled nolo contendere.[1] This report states that S.L. told Tulsa Police Officer M.C. Robinson that Sawyer sneaked into her room and fondled her breasts and genitals and threatened to harm her if she told anyone about the incident. The reporting officer also interviewed S.L. He stated that she told him Sawyer put his hands under her nightclothes and fondled her breasts. She pushed his hands away, he continued to fondle her breasts and moved his hands lower. She pushed his hands back. This went on for some fifteen minutes.

After hearing S.L.'s testimony the magistrate took a short recess and discussed the pre-sentence investigation report in chambers with counsel. He then returned to the bench and sustained defendant's demurrer on the grounds that the touching was not shown to be lewd or lascivious, and that S.L. had changed her story so much that she was not credible.

The duty of a magistrate at a preliminary examination is to determine whether an offense has been committed

ceration.

and whether there is probable cause to believe the accused may have committed the offense. *Matricia v. State*, 726 P.2d 900 (Okl.Cr.1986). The State is not required to present evidence which would be sufficient to convict the accused at trial. *Id.* In fact, we hold to the presumption that the State will strengthen its evidence at trial. *Shriver v. State*, 632 P.2d 420 (Okl.Cr.1980), *cert. denied*, 449 U.S. 983, 101 S.Ct. 399, 66 L.Ed.2d 245 (1980). When the State appeals the ruling of the magistrate on sufficiency of the evidence, the District Court shall consider the entire record developed before the magistrate in the light most favorable to the State. 22 O.S.Supp.1987, § 1089.5.

Under the facts of this case the dispositive issue is whether sufficient evidence was presented to show Sawyer intentionally touched or felt S.L.'s body in a lewd or lascivious manner. *See* 21 O.S.Supp.1985, § 1123. We find that the magistrate erred in both his findings of fact and conclusion of law when he held the State presented insufficient evidence to show the offense of lewd molestation.

■ The magistrate based his decision partly on the fact the touching occurred through a comforter. Our cases have never drawn the distinction between the touching of skin and the touching through fabric, and we reject this distinction now. As a matter of law a touching does not lose its sexual character merely by the imposition of a thickness of cloth.

■ The magistrate found the State had presented no evidence that Sawyer had touched S.L.'s breasts in "other than a hugging fashion" (Tr.44). This finding is not supported by the record. Three times during her testimony S.L. stated Sawyer started "feeling" or "felt up" her breasts. (Tr.8, 9, 16). This expression is widely recognized to mean a sexual caress. *See* Spears, *Slang and Euphemisms* (1981); *New Dictionary of American Slang* (R. Chapman ed.1986).

■ The magistrate also erred by going outside the evidence presented at the preliminary hearing in granting defen-

dant's demurrer. The magistrate acknowledged he was going outside the evidence when he considered the pre-sentence investigation report and then stated he would take judicial notice of it as it was part of the court file. The magistrate cannot extend his jurisdiction this way. Proper judicial notice requires that the matter is one of common knowledge, it is settled beyond a reasonable doubt and the knowledge must exist within the jurisdiction of the court. *Linscome v. State*, 584 P.2d 1349 (Okl.Cr.1978). The District Court noted the State did not object to the magistrate considering this report; however, we find the magistrate exceeded his jurisdiction in going beyond the evidence to render his decision and lack of jurisdiction cannot be waived. *See Johnson v. State*, 611 P.2d 1137 (Okl.Cr.1980), *cert. denied*, 449 U.S. 1132, 101 S.Ct. 955, 67 L.Ed.2d 120, *rehearing denied*, 450 U.S. 1026, 101 S.Ct. 1734, 68 L.Ed.2d 221 (1981).

The Order upholding the Magistrate's Decision entered in Tulsa County District Court, Case No. CF–88–2665, is VACATED with instructions to modify consistent with this opinion.

BRETT and LUMPKIN, JJ., concur.

PARKS, P.J., dissents.