2009 OK CR 2

**David Glen HEARD, Petitioner**

v.

**STATE of Oklahoma, Respondent.**

**No. PC 2007–0992.**

Court of Criminal Appeals of Oklahoma.

Jan. 15, 2009.

---

### ORDER DENYING POST–CONVICTION RELIEF

¶1 Petitioner, David Glen Heard, pled guilty September 29, 2006, in the District Court of Tulsa County, Case No. CF–2006–2945, to two counts of Lewd Molestation in violation of 21 O.S. Supp.2006, § 1123, after prior conviction. He was sentenced to twenty-five years imprisonment on each count. The sentences were ordered to run concurrently with each other and with Creek County Case No. CF–1998–296. Heard later filed an application for post-conviction relief claiming the facts underlying his plea of guilty to lewd molestation did not constitute a violation of the criminal statute charged. The Honorable Jesse Harris, District Judge, denied Heard's post-conviction application in an order filed September 6, 2007.

¶2 Heard appeals to this Court from that denial claiming that because his conduct did not fall within the ambit of the crime charged, he was denied his right to the effective assistance of counsel and deprived of due process when the trial court accepted his pleas of guilt unsupported by facts that constituted the commission of the crime charged.

██ ¶3 We reject Heard's claim that his conduct was not a crime as charged and affirm the order of the District Court denying his application for post-conviction relief.

██ ¶4 The elements necessary to prove guilt of lewd molestation as set out in 21 O.S. § 1123 are these: the defendant (1) was at least three years older than the victim, (2) knowingly and intentionally, (3) looked upon, touched, mauled or felt (4) the body or pri-

vate parts (5) of any child under sixteen years of age, and (6) in a lewd or lascivious manner. *See* No. 4–129, OUJI–CR(2d)(Supp.2000).

¶ 5 Heard does not dispute that the conduct he admitted when entering his guilty plea meets each of those elements. His claim is more narrow: he argues that this Court has interpreted the crime of lewd molestation to require a showing that the private parts of the child were uncovered when "looked upon" by the defendant. His point is that when he followed two young girls into a WalMart store, and positioned himself to peer under their dresses, his intent was only to see their panties. And that is what he accomplished.

¶ 6 In support of his contention that by doing so he committed no crime he relies on unpublished cases of *Robinson v. State,* F–1998–724, issued July 29, 1999, and *State v. Terry,* SR–2003–276, issued March 30, 2004. Heard presented copies of those unpublished opinions to support his argument in the court below. The District Court found these opinions to be without precedential value and not binding.

¶ 7 Heard appealed to this Court and we directed the Attorney General of the State of Oklahoma to file a response to Heard's application. The State argues that the evidence confessed by Heard during his plea of guilt is sufficient to sustain his convictions on lewd molestation under Section 1123.[1] We agree. It is clear from the record that Heard knowingly and intentionally looked upon the private parts of two underage girls in a lewd or lascivious manner.

¶ 8 In *Robinson* we interpreted the elements of lewd molestation to include "something more than the act of staring between the legs of someone who is wearing both underwear and boxer shorts". In the *Terry* case we found the elements to include "something more than the act of filming clothed girls in a public location". These unpublished cases are very fact specific and do not

dictate the same result on the facts shown here.

¶ 9 Heard argues that because he did not see the young girls' "naked" bodies or "naked" private parts he cannot be convicted of lewd molestation. The plain wording of Section 1123 does not include the word "naked" or "naked body" or "naked private parts". The statute does not require the body or private parts looked upon, touched, mauled or felt to be "naked". Under the plain wording of the statute, Heard committed the felony when he followed two underage girls into a store and positioned himself so as to see under their dresses and see their panties, his admitted intent.

¶ 10 We do not read the statute to criminalize every casual glance at a child; we focus our inquiry on the showing that the defendant's knowing and intentional conduct was "lewd or lascivious." In that regard, we find the reasoning in *Robinson* and *Terry* inconsistent with this Court's interpretation and application of Section 1123 in "touching" cases where a requirement of nudity is not attached to the same words. *See Moss v. District Court of Tulsa County,* 1989 OK CR 68, ¶ 7, 795 P.2d 103 (reversing Magistrate's dismissal of charges where defendant touched victim's breasts through a blanket and noting that our cases have never drawn the distinction between the touching of skin and the touching through fabric); *Collins v. State,* 1988 OK CR 33, ¶ 5, 751 P.2d 200 (upholding defendant's convictions where he rubbed the victim on the outside of her pants between her legs); *Rich v. State,* 1954 OK CR 7, ¶ 12, 266 P.2d 476 (upholding defendant's conviction for lewd molestation where evidence showed that the defendant placed his arm around the neck of a little girl and insisted that she go with him to some undisclosed place and that she would be paid for her trouble).

¶ 11 Since we have found Heard's conduct falls within the ambit of the crime charged,

---

1. The State also argues that Heard waived his claim of error by not raising it in a timely motion to withdraw his plea. We do not reach this argument.

his claims of ineffective assistance of counsel and denial of due process have no merit. Finding Heard has failed to show entitlement to relief in a post-conviction proceeding, the order of the District Court of Tulsa County denying Heard's application for post-conviction relief is **AFFIRMED.** Pursuant to Rule 3.15, *Rules of the Oklahoma Court of Criminal Appeals,* Title 22, Ch.18, App. (2009), the **MANDATE** is **ORDERED** issued upon the delivery and filing of this decision.

¶ 12 **IT IS SO ORDERED.**

¶ 13 **WITNESS OUR HANDS AND THE SEAL OF THIS COURT** this 15th day of January, 2009.

CHARLES S. CHAPEL, Judge, concur in result.

/s/Charles A. Johnson
CHARLES A. JOHNSON, Presiding Judge

/s/Arlene Johnson
ARLENE JOHNSON, Vice Presiding Judge

/s/Gary L. Lumpkin
GARY L. LUMPKIN, Judge

/s/David B. Lewis
DAVID B. LEWIS, Judge