**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 15, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

THOMAS H. CROWDER, JR.,

     Petitioner - Appellant,

v.

JIMMY MARTIN, Warden,

    Respondent - Appellee.

No. 18-6104
(D.C. No. 5:17-CV-01132-R)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **LUCERO**, **HARTZ**, and **McHUGH**, Circuit Judges.
_____

Thomas Crowder seeks a certificate of appealability ("COA") to appeal the district court's denial of his 28 U.S.C. § 2254 petition. We deny a COA and dismiss the appeal.

**I**

Crowder was convicted in Oklahoma state court of lewd or indecent acts with a child under sixteen. He was sentenced to 25 years in prison with all but the first twelve years suspended. After his attempts at gaining relief through state proceedings were unsuccessful, Crowder filed a § 2254 habeas petition in district court. He asserted multiple claims for relief, including insufficient evidence,

_____

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

vagueness, ineffective assistance of counsel, and actual innocence. A magistrate judge recommended that his petition be denied. After considering Crowder's objections, the district court adopted the recommendation and denied relief. This timely appeal followed.

## II

A petitioner may not appeal the denial of habeas relief under § 2254 without a COA. 28 U.S.C. § 2253(c)(1). We may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). To satisfy this standard, Crowder must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotation omitted).

On appeal, Crowder advances three arguments: (1) the state presented insufficient evidence to convict him; (2) the Oklahoma statute under which he was convicted is unconstitutionally vague; and (3) he received ineffective assistance of trial counsel.[1] Because Crowder is pro se, we hold his pleadings to "a less stringent standard than formal pleadings drafted by lawyers" but do not "assume the role of advocate." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

---

[1] Crowder expressly waives arguments made below regarding ineffective assistance of appellate counsel and actual innocence.

2

As to Crowder's insufficient evidence argument, "the pertinent question is whether the evidence introduced at the trial resulting in the defendant's conviction is sufficient to allow a rational trier of fact to convict." Matthews v. Workman, 577 F.3d 1175, 1185 (10th Cir. 2009). In support of his conviction, the state presented five witnesses, including Crowder's alleged victim, whose testimony directly inculpated Crowder. The conclusion of the Oklahoma Court of Criminal Appeals ("OCCA") that this evidence was sufficient for a conviction was reasonable.

Crowder also argues that the Oklahoma statute under which he was convicted—lewd or indecent acts with a child under sixteen under Okla. Stat. tit. 21, § 1123—is unconstitutionally vague. Specifically, he contends that the statute does not indicate that touching a victim through clothing is prohibited. To pass constitutional muster, a statute must be "set out in terms that the ordinary person exercising ordinary common sense can sufficiently understand and comply with, without sacrifice to the public interest." United States v. Hines, 696 F.2d 722, 727 (10th Cir. 1982) (quotation omitted). The statute at issue in this case makes it a crime to "touch . . . the . . . private parts of any child under sixteen (16) years of age in any lewd or lascivious manner . . . ." § 1123(2). Although not binding, several Oklahoma decisions have noted that the statute does not refer to nudity or nakedness. See, e.g., Heard v. State, 201 P.3d 182, 183 (Okla. Crim. App. 2009) ("The plain wording of Section 1123 does not include the word 'naked' or 'naked body' or 'naked private parts.'"). The OCCA reasonably concluded that § 1123 is sufficiently

3

clear to put an ordinary person on notice that sexual touching through a child's clothing is prohibited.

Finally, we reject Crowder's ineffective assistance of counsel argument. To prevail on such a claim, Crowder must show that "counsel's performance fell below an objective standard of reasonableness" and "there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different." Hain v. Gibson, 287 F.3d 1224, 1231 (10th Cir. 2002). Crowder contends trial counsel was ineffective for advising him not to testify at trial. But Crowder acknowledged on the record that trial counsel discussed the advantages and disadvantages of testifying and that Crowder understood it was his decision. Under these circumstances, counsel's conduct was reasonable. See Cannon v. Mullin, 383 F.3d 1152, 1171 (10th Cir. 2004).

### III

For the foregoing reasons, we **DENY** a COA and **DISMISS** the appeal. Crowder's motion to proceed in forma pauperis is **GRANTED**.

Entered for the Court

Carlos F. Lucero
Circuit Judge

4